# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL, | 3:11-cv-00717-LRH (WGC) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| RENE BAKER, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court are Plaintiff's Motion to Return My Legal Work/Property and Stop Retaliations (Doc. # 17)[1] and Plaintiff's Motion to Stop Retaliations (Doc. # 21). Defendants opposed (Doc. # 24) and Plaintiff replied (Doc. # 27). After a thorough review, the court recommends that Plaintiff's motions be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Rickie L. Hill was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. #11) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983.(*Id.*)Defendants are Christopher Davis, Paul Melay, and Claude Willis. (*See* Docs. # 11, # 13.)

On screening, the court determined that the following claims could proceed:

---

[1] Refers to court's docket number.

1 (1) Plaintiff's Eighth Amendment claim in Count II that defendant Melay used excessive force against him; (2) Plaintiff's Eighth Amendment claim in Count II that defendant Davis used excessive force against him; (3) Plaintiff's Eighth Amendment claim in Count III that defendant Willis circulated rumors that Plaintiff is gay or bisexual and a sex offender, which caused other inmates to want to harm him and left him fearing for his life. (Doc. # 13.)

On June 11, 2012, Plaintiff filed a Motion to Return my Legal Work/Property and Stop Retaliations. (Doc. # 17.) In this motion, Plaintiff asks for an order that his property be returned so that he can correspond with his criminal lawyer in a separate case. (*Id.*) Plaintiff asserts that his property was taken from him as a result of Lieutenant Bryant's order, which he asserts was retaliatory. (*Id.*)

On July 27, 2012, Plaintiff filed a Motion to Stop Retaliations. (Doc. # 21.) Plaintiff asserts that he was taken out of the general population and received disciplinary action in retaliation for filing grievances with respect to Correctional Officer Mullins. (*Id.*)

The court will construe Plaintiff's motions (Docs. # 17, # 21) as requesting injunctive relief.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). A plaintiff seeking injunctive relief must establish the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

### III. DISCUSSION

The court agrees with Defendants that Plaintiff cannot succeed on these motions because they are not related to the issues set forth in Plaintiff's Amended Complaint.

Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

This action centers on Plaintiff's Eighth Amendment failure to protect and excessive force claims. This case does not involve retaliation or due process property claims. Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motions (Docs. # 17, # 21).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any

notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: December 21, 2012.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4