UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL, ) | 3:11-cv-00717-LRH-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | August 12, 2013 |
| ) | |
| RENE BAKER, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>  Katie Lynn Ogden  </u>    REPORTER: <u>          FTR          </u>

COUNSEL FOR PLAINTIFF: <u>  Rickie L. Hill, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANTS: <u>  Kelly S. Werth, Esq. (Telephonically)          </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

11:09 a.m. Court convenes.

**I.    Discussion Regarding Discovery Requests**

Plaintiff indicates he has submitted two requests for production of documents on November 4, 2012, and is unclear whether the Court has received those production requests. Mr. Hill further indicates he has not received any response whatsoever as to his production requests from November 4, 2012.
   The Court advises plaintiff that he may have served requests for production of documents on the Attorney General ("AG"); however, discovery requests are not filed with the Court unless they are part of a motion to compel, which has not been submitted to the Court. The Court suggests that Mr. Werth and Mr. Hill address Plaintiff's discovery requests to identify what has and what has not been produced to Plaintiff.

**II.   Pending Motions**

   **A. Plaintiff's Motion for Production of Legal Mail from Ely State Prison (Doc. # 73).**

Plaintiff alleges that High Desert State Prison ("HDSP") has either lost or delayed his legal mail and his copy work requests. Furthermore, Plaintiff asserts HDSP is retaliating against him.

MINUTES OF PROCEEDINGS
3:11-cv-00717-LRH-WGC
Date: August 12, 2013
Page 2

The Court explains there is no relief the Court can provide to Plaintiff, at this time, without further specificity as to what relief Plaintiff seeks from this Court with respect to his motion for production of legal mail. Therefore, Plaintiff's Motion for Production of Legal Mail from Ely State Prison ("ESP") is **DENIED**.

### B. Plaintiff's Motion to Receive Exh. "C" from Defendants' Motion to Dismiss File They Sent Me Five Day Extension (Doc. # 81)

Mr. Werth has reviewed Defendants' Motion to Dismiss (Doc. # 74) and has noted what appears to be many inadvertent irregularities to that filing[1]. As to Exhibit C, Mr. Werth indicates the documents should have been medical records, which would have been filed under seal.

The Court notes that there is confusion as to Doc. # 76, in which Defendants "seek leave to file "Exhibit E" Medial Records, under seal" (Doc. #76, at page 1). Thereafter, the conclusion of Defendants motion states "Defendants respectfully request that this Court grant Defendants' Motion for Leave to File Under Seal Exhibit C, Medical Records, in Support of Defendants' Motion for Summary Judgment" (Doc. #76, at page 2). However, the Court notes it is in receipt of Defendants' Under Seal Submission of Medical Records in Support of Motion for Summary Judgment (Doc. # 77) which contains "Exhibit E" with respect to Plaintiff's medical records.

The Court directs Mr. Werth to review Doc. ## 76, 77 and 78 and to correct any deficiencies with regard to either Exhibit C or Exhibit E.

Based on what the Court has been able to ascertain from this discussion, Exhibit C or Exhibit E should be produced; therefore, Plaintiff's Motion to Receive Exh. "C" from Defendants' Motion to Dismiss File They Sent Me Five Day Extension (Doc. # 81), is **GRANTED**. The motion is granted to the extent, if there is such a document "Exhibit C" or "Exhibit E," Plaintiff should be entitled to either receive the document or be provided the opportunity to inspect the document in the warden's office as prescribed under institutional policies regarding medical records.

In view of the several discrepancies noted in Defendants' filings, specifically as to their Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (Doc. # 74), the Court directs Mr. Werth to clarify in Defendants anticipated opposition to Plaintiff's Cross-Motion for Summary Judgment (Doc. # 86) what the Defendants intend to continue to argue and not argue with

---

[1] Deputy Attorney General Kelly S. Werth was assigned to this case on July 18, 2013, in place and stead of Deputy Attorney General Brian W. Hagen (see Doc. # 92).

MINUTES OF PROCEEDINGS
3:11-cv-00717-LRH-WGC
Date: August 12, 2013
Page 3

regard to their dispositive motion.[2]  The Court reminds Mr. Werth that Defendants' opposition to Plaintiff's cross motion for summary judgment, as well as their reply in support of their own motion is due on or before September 3, 2013.

### C. Plaintiff's Motion to Compel, Order (HDSP) to Honor Copy Work Court Granted (Doc. # 82)

The Court notes that no opposition or response has been filed by the Defendant as to this motion.

Plaintiff claims he has not been allotted the copy work extension granted by this Court.  As reflected in Doc. # 52 the Court did grant Plaintiff a fifteen dollar ($15.00) copy work limit extension.  The Court directs Mr. Werth to investigate into this matter and provide a notice to the Court whether Mr. Hill has been provided the copy work extension granted by this Court.  In view of this directive, Plaintiff's Motion to Compel, Order (HDSP) to Honor Copy Work Court Granted (Doc. #82) is **DENIED as moot**.

### D. Motion to Clarify (Doc. # 90)

Plaintiff's instant motion requests that "the Court accept the submitting opposing dismissal, and cross-motion for summary judgment with 12 additional pages" (Doc. # 90, at page 1).  This request has been granted at the Court's Order Doc. # 84.  Therefore, Plaintiff's Motion to Clarify (Doc. # 90) is **DENIED as moot**, as the Court has previously granted Plaintiff's request.

### E. Motion to Compel (HDSP) Mailroom to Stop Withholding Plaintiff's Legal Mail and Stamp Received All Incoming Mail (Doc. # 87)

Plaintiff contends that legal mail from the United States District Court, District of Nevada, Clerk's Office and from the AG Office is being opened at HDSP without him being present.  Furthermore, Plaintiff claims that, pursuant to specific administrative regulations, the institution is required to stamp receive incoming legal mail, but this is not being done.

Mr. Werth is not aware of HDSP policy regarding legal mail and is not able to conclude, at

---

[2] Further discrepancy is found in Defendants' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (Doc. # 74), at Exhibit F2 - Inmate Grievance History.  The Inmate Grievance History report provided is subject to an inmate identified as Ricky Hill, NDOC ID 85068.  The Plaintiff in this matter is inmate Rickie L. Hill, NDOC ID 87052.

MINUTES OF PROCEEDINGS
3:11-cv-00717-LRH-WGC
Date: August 12, 2013
Page 4

this time, whether or not HDSP is following the institution's mail procedures. Mr. Werth acknowledges Mr. Hill's concern with regard to his legal mail, but notes that this assertion is not part of the claims in this matter and Mr. Hill has alternative avenues to resolve this matter (i.e. file a grievance within the institution).

Reviewing Plaintiff's attachments to his motion with regard to ESP mail procedures, it remains unclear what constitutes legal mail for HDSP. Furthermore, as indicated by Mr. Werth, Plaintiff's contention in this motion does not involve the subject matter of this law suit. For these reasons, the Court is unable to grant the relief Plaintiff seeks in this motion; therefore, Plaintiff's Motion to Compel (HDSP) Mailroom to Stop Withholding Plaintiff's Legal Mail, And Stamp Received All Incoming Mail (Doc. # 87) is **DENIED as moot**. However, the Court directs Mr. Werth to investigate the mail room procedures set in place for HDSP. Furthermore, Mr. Werth shall provide Mr. Hill a copy of HDSP mail room procedures.

### F. Objection to Hearing on Motion and Appointment of D.A.G. Kelly S. Werth (Doc. # 95)

Plaintiff asserts that Deputy Attorney General Kelly S. Werth is neglecting his duties to litigate this matter. Furthermore, Plaintiff contends that it appears Deputy Attorney General Brian H. Hagen, who was originally defending the Defendants in this matter, was removed from this action as a result of a disciplinary action. Plaintiff argues the AG's Office, as a whole, should not be allowed to represent the Defendants in this matter.

Mr. Werth indicates that Mr. Hagen has entered into private practice and there is nothing that would preclude the AG's Office from representing the Defendants in this matter.

The Court finds that Plaintiff's objections are not valid. Furthermore, Mr. Werth's assuming responsibility as counsel for Defendants in this matter does not present any conflict of interest. Additionally, the Court does not find any disciplinary circumstance that exists with regard to Mr. Hagen's departure from the AG's Office. Therefore, Plaintiff's Objection to Hearing on Motions and Appointment of D.A.G. Kelly S. Werth (Doc. # 95) is **OVERRULED**, as Plaintiff has not shown a legitimate legal basis for his objection.

**IT IS SO ORDERED.**

12:03 p.m. Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk