UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICKIE L. HILL, | ) | 3:11-cv-00717-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | October 15, 2013 |
| | ) | |
| RENE BAKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's "Motion for Apprisal." (Doc. # 102). Defendants have opposed. (Doc. # 116).

Plaintiff's "motion" is more of a grievance than it is a cognizable motion. Plaintiff's complaint was found to state a colorable cause of action for alleged excessive force against defendants Malay and Davis which occurred in 2011. (Screening Order, Doc. # 13 at 10.) Plaintiff's current motion complains about alleged misconduct of correctional staff officers other than the named defendants which supposedly occurred in August of this year. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); accord *Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action.

Plaintiff's motion (Doc. # 102) is denied.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk