**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICKY L. HILL, | 3:11-cv-00717-LRH-WGC |
| Plaintiff, | **ORDER** |
| vs. | re: Motion to Disqualify the Attorney General's Office |
| RENE BAKER, et al., | (Doc. # 101) |
| Defendants. | |

Before the court is Plaintiff's motion to disqualify the attorney general's office from representing the Defendants. (Doc. # 101.)[1] Defendants have opposed (Doc. # 109) and Plaintiff has replied (Doc. # 119). For the reasons stated herein, the motion is denied.

**Background**

Predecessor defense counsel in this matter filed a motion to dismiss/motion for summary judgment. (Doc. # 74.) The grounds were that Plaintiff failed to exhaust his administrative remedies (i.e., grievances). (*Id*., at 5.) The documents former defense counsel had submitted to supposedly demonstrate a failure to exhaust were for an inmate named "Ricky Hill" – but as it turned out, not for the "Ricky Hill" who is Plaintiff in this matter. (Doc. # 109 at 2.) Upon discovery of that error, current defense counsel indicated Defendants will abandon that component of their dispositive motion. (Minutes, Doc. # 100 at 2-3.) Nevertheless, Defendants were still directed by the court to clarify what they "intend to continue to argue and not argue with respect to their dispositive motion." (*Id.,* footnote omitted.)

///

---

[1] Refers to court's docket number.

In that regard, Defendants advised the court as follows:

> Pursuant to this Court's Order (#100), Defendants counsel was directed to clarify in this filing as to "what the Defendants intend to continue to argue and not argue with regard to their dispositive motion." See #100, pp. 2-3. This directive was in light of the acknowledgment by Defendants' counsel that the incorrect grievance records of another inmate were submitted in support of their erroneous argument that Plaintiff had failed to exhaust his administrative remedies. At this time, the Defendants advised the court hat they will withdraw ad/or abandon their claim that Plaintiff failed to exhaust his administrative remedies as argued in their Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (#74), pp. 2-3, 5. Based on the oversight of having provided the incorrect records, Defendants simply cannot meet their burden of proof in this regard.

(Doc. #111 at 1-2.)

Therefore, it is apparent that the component of Defendants' dispositive motion which was predicated upon an exhaustion argument has been abandoned and will not be pursued.

**Discussion**

Plaintiff's argument for disqualifying the Attorney General's office is based on an assertion the component of the dispositive motion relating to Defendants' exhaustion argument by the former deputy attorney general is reflective of "bad faith."  This "bad faith," Plaintiff asserts, permeates the entire attorney general's office and requires their disqualification.  As authority, Plaintiff cites only one case in both his motion and reply, *Osborn v. The District Court*, 619 P.2d 41 (Or. 1980).  *Osborn* was a criminal case in which a former deputy district attorney who was peripherally involved with the prosecutor's offices initial investigation of a crime was later disqualified from representing the defendant who was a suspect in that crime. The disqualification was based upon the "impropriety" of having formerly been associated with elements of prosecution, which was not only imputed to the former deputy district attorney but the new firm with which she was associated in private practice. 619 P.2 at 45.

In the present matter, there is no issue of confidential information about Plaintiff having been improperly communicated from one lawyer in the Attorney General's office to another. The court further finds no evidence of "bad faith" which requires disqualification of the entire Attorney General's Office, and Plaintiff cites no authority to support that proposition.  While there may have been, as defendants characterize it, "shoddy lawyering on behalf of the Office of the Attorney General in that an incorrect

grievance history and a declaration was submitted" to the court (Doc. 109 at 2-3), the court does not believe this erroneous filing on behalf of the Defendants rises to the level of bad faith nor does it require disqualification of their current attorneys. Defendants have abandoned any ability to assert Plaintiff failed to exhaust his administrative remedies, which the court believes is the appropriate course, and to that end, Plaintiff demonstrates no prejudice.

**Conclusion**

There being no evidence of "bad faith" on the part of the Office of the Attorney General of the State of Nevada, the court **DENIES** the motion for disqualification (Doc. # 101.)[2]

**IT IS SO ORDERED**.

DATED: October 16, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The court would also note that at the status conference the court conducted on August 12, 2013 (Doc. # 100), the court denied an argument Plaintiff asserted relative to his objection to the substitution of Deputy Attorney General Werth for Deputy Attorney General Hagen (Doc. #95). The court found that no "disciplinary action" had been taken by the attorney general as against Mr. Hagen but instead that he had resigned to enter private practice. (Doc. #100 at 4.) Plaintiff's objection to the substitution of Deputy Attorney General Werth was denied.