1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

9  RICKY L. HILL,                              )          3:11-cv-00717-LRH-WGC
                                               )
10              Plaintiff,                      )          **ORDER**
                                               )
11       vs.                                    )          re: Plaintiff's Motion for
                                               )          Recusal of Magistrate Judge Cobb
12  RENE BAKER, et al.,                        )          (Doc. # 98)
                                               )
13              Defendants.                     )
    _____)

14

15       Before the court is Plaintiff's August 19, 2013 "Motion Requesting Recusal of Magistrate

16  W.G. Cobb." (Doc. # 98.)[1] Defendants have opposed (Doc. # 105, 9/3/13.)  Plaintiff filed no reply

17  memorandum.

18                                    **Background**

19       Plaintiff asserts several grounds for seeking the recusal of the undersigned as Magistrate Judge

20  in this matter. The first (#1) is that on December 9, 2011, the undersigned supposedly dismissed (with

21  prejudice) Plaintiff's civil action pending in case number 3:11-cv-00609-RCJ-WGC. (Doc. # 98 at 1.)

22  While Plaintiff correctly states the Ninth Circuit reversed an order of dismissal which had been entered

23  in that matter (*id.*), the original decision in case number 3:11-cv-00609-RCJ-WGC dismissing the action

24  was entered by Chief District Judge Robert C. Jones (Doc. # 9), *not* by the undersigned.

25       The next ground Plaintiff asserts (#2) is a discussion of how the court both granted and denied

26  certain of Plaintiff's motions. (*Id.*, at 1, 2.) The third (#3) is an allegation the court "violated a Canon"

27  (which Canon was not identified) by supposedly counseling the attorney general's office on how to

28

_____

[1] Refers to court's docket number.

1    respond to Plaintiff's cross motion.

2        The fourth ground (#4) is a complaint the court inappropriately brought up another case in which

3    Mr. Hill is a plaintiff. Plaintiff also noted the court lamented it could not appoint Mr. Hill (and other

4    inmate civil rights plaintiffs) an attorney. Last, he appears to complain about the telephonic status

5    conference procedure the United States District Court for the District of Nevada employs.

6        These assertions supposedly establish a lack of impartiality by the Court. (Doc. # 98 at 4.)[2]

7    **Legal Standard and Discussion**

8        28 U.S.C. 455(a) provides that any United States federal judge should recuse him or herself "in

9    any proceeding in which his impartiality might reasonably be questioned." The judge should also

10   disqualify him or herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C.

11   § 455(b)(1). The judge to whom the recusal request is made should attempt to decide the impartiality

12   issue him or herself without referral to a different judge. *In re United States*, 158 F.3d 26, 34 (1st Cir.

13   1988); *Schurz Commc'ns, Inc. v. FCC*, 982 F.3d 1057, 1059 (7th Cir. 1992). A district court has an

14   affirmative duty not to disqualify itself unnecessarily. *Thorpe v. Zimmer, Inc.*, 590 F.Supp.2d 492

15   (S.D. NY 2008); Cohee v. McDade, 472 F.Supp.2d 1083, 1084 (S.D. Ill 2006). Accordingly, the

16   grounds in a motion for disqualification or recusal must be scrutinized with care. *Thorpe*, *supra*.

17       The standard for recusal is whether the Judge's impartiality might be "reasonably questioned."

18   *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)(citations omitted); *Datagate, Inc. v. Hewlett-*

19   *Packard Co.*, 941 F.2d 864, 871 (9th Cir. 1991)(citations omitted). The grounds Plaintiff posits certainly

20   do not rise to the level of actual bias, particularly with regard to an order of the court which was not

21   authored or issued by the undersigned (Doc. #9, 3:11-cv-00609-RCJ-WGC).[3] The remaining grounds

22   

23       [2] Plaintiff does not identify at which status conference these remarks were supposedly made. The court, however,
24   only conducted two status/discovery conference preceding Plaintiff's motion in this matter. (Docs. # 93 and # 100.)

25       [3] Plaintiff states in his conclusion (Doc. # 98 at 4) that "if your honor wasn't disgruntled about plaintiff's 9th Circut
     (sic) reversal of one of his dismissals of [plaintiff's] cases, that wouldn't have been at the forefront of his mind while he had
26   enough issues about (6) motions in front of him." (*Id.*) Since the undersigned was not the judge who entered the order of
     dismissal, the reversal of that decision by the Ninth Circuit would not have been "at the forefront" of the court's attention.
27   While it is possible Plaintiff happened to mention the dismissal/reinstatement of his companion case at one of the two
     hearings preceding Plaintiff's motion, the minutes of the hearing immediately preceding Plaintiff's motion (Doc. # 100;
28   8/12/13) do not reflect there even was any discussion of Plaintiff's companion case, let alone any specific discussion about
     a court order/reversal which was supposedly at the "forefront" of the court's mind. (*Id.*)

2

1    asserted by Plaintiff (numbers 2-4) simply also do not rise to the level of a failure of impartial

2    objectivity.

3         The test is "whether a reasonable person with knowledge of all the facts would conclude that the

4    judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455

5    (9th Cir. 1997). It is a rare and extreme situation where a judge should be recused because of adverse

6    rulings the judge made as to a party. *Liteky v. United States*, 510 U.S. 540, 556 (1994); *Stanley v.*

7    *University of Southern California* 178 F.2d 1069 (9th Cir. 1999). *Liteky* instructs that

8              [J]udicial rulings alone almost never constitute a valid basis for a bias or
               partiality motion. [ ] Second, opinions formed by the judge based on the
9              facts introduced or events occurring in the course of the current
               proceeding, or of prior proceedings, do not constitute a basis for a bias or
10             partiality motion unless they display a deep-seated favoritism or
               antagonism that would make fair judgment impossible. Thus, judicial
11             remarks during the course of a trial that are critical or disapproving of, or
               even hostile to, counsel, the parties, or their cases, ordinarily do not
12             support a bias or partiality challenge.

13   *Liteky*, *supra*, at 556.

14        Applying that standard to Plaintiff's grounds for recusal leads the court to the inescapable

15   conclusion recusal would not be justified in this matter and in fact would be inappropriate for the court

16   to do so.

17                                   **Conclusion**

18        Plaintiff's motion for recusal does not demonstrate that the undersigned's impartiality might

19   reasonably be questioned.  Therefore, Plaintiff's motion (Doc. # 98) is **<u>DENIED.</u>**

20

21   **IT IS SO ORDERED**.

22

23   DATED:  October 16, 2013.

24

25                                         _____

26                                         WILLIAM G. COBB
                                           UNITED STATES MAGISTRATE JUDGE

27

28

                                              3