# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICKY L. HILL, | 3:11-cv-00717-LRH-WGC |
| Plaintiff, | **ORDER** |
| vs. | re: Motion for Defendants to Submitt (sic) to Polygraph Examinations |
| RENE BAKER, et al., | (Doc. # 103) |
| Defendants. | |

Before the court is Plaintiff's Motion for Defendants to Submitt (sic) to Polygraph Examinations. (Doc. # 103.) Defendants oppose the motion. (Doc. # 115.) No reply has been filed. For the reasons stated in this order, Plaintiff's motion is denied.

Polygraph examinations are generally considered unreliable and inadmissible. *United States v. Cordoba*, 294 F.3d 1053 (9th Cir. 19990). While pure admissibility is not the final test at this stage, if the probative value of the evidence is outweighed by the danger of unfair prejudice, *United States v. Dinga*, 609 F.2d 904, 908-909 (7th Cir. 2010), discovery is likely to be prohibited into that subject. In *Vallery v. Brown*, 2011 WL 4722342 (08-cv-95-DMS(RBB) SD CA 10/7/11), Defendants were not required to answer plaintiff's interrogatories about whether they were willing to undergo polygraph examinations at **10, 11.

As Defendants note (Doc. # 115 at 3), discovery has been closed for several months. However, even if discovery were still on-going, there is no provision in the Federal Rules of Civil Procedure for one party to require another to submit to polygraph examinations. Even if such examinations were authorized, Plaintiff also offers no proposal as to the identity of a qualified examiner, who would pay

for the examination, where they might be conducted, etc.

Accordingly, Plaintiff's motion (Doc. #103) is **DENIED.**

**IT IS SO ORDERED**.

DATED: December 10, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE