UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL, ) | 3:11-cv-00717-LRH-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | January 6, 2014 |
| ) | |
| RENE BAKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

     Before the court is Plaintiff's motion to compel (Doc. # 130).[1] Plaintiff's motion appears to be a request to the court that Ms. Stacie Barrett, apparently an NDOC caseworker, should be ordered to return Plaintiff's medical files to the Warden's office. Plaintiff seeks certain other relief as to Ms. Barrett which is difficult to ascertain.

     Ms. Barrett is not a party to this action. Therefore, the court has no jurisdiction over Ms. Barrett. Also, the underlying action does not involve any claim relating to medical records. (Screening Order, Doc. # 13.)

     Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Johnson v. Alvarez*, 2:11-cv-484, 2012 WL 398443, at *4 (D. Nev. Feb. 7, 2012); *Ellis v. Benedetti*, 3:08-cv-657-MMD-WGC (Aug. 27, 2013, Doc. # 256). To the extent Plaintiff's motion can be interpreted as seeking injunctive relief, it fails because of the absence of any correlation between the subject matter of the underlying § 1983 complaint and the relief sought by the motion.

---

[1] To the extent that Plaintiff's filing also seeks an extension of time, which component of Plaintiff's motion was logged in by the Clerk as Doc. # 131, the court has already addressed that request when the court granted Plaintiff an extension (Doc. # 132.) Plaintiff's motion (Doc. # 131) has already been denied as moot.

**MINUTES OF THE COURT**
3:11-cv-00717-LRH-WGC
Date:  January 6, 2014
Page 2

      Plaintiff is also not permitted to file a civil rights complaint in federal court and then use that action as a forum to air his unrelated grievances. Such unrelated grievances must be lodged using the Nevada Department of Corrections grievance system and, if they remain unresolved and if the grievance is of a constitutional nature, by filing a new civil rights action.

      Plaintiff's motion to compel (Doc. # 130) is **DENIED.**

      **IT IS SO ORDERED.**

                                               LANCE S. WILSON, CLERK

                                               By: _____/s/_____
                                                     Deputy Clerk