**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RICKIE L. HILL,

      Plaintiff,

vs.

RENE BAKER, et. al.

      Defendants.

3:11-cv-00717-LRH-WGC

**ORDER**

Before the court are the following motions related to Defendants' request to file under seal Plaintiff's medical records that support their motion for summary judgment (Doc. # 74)[1] and opposition to Plaintiff's cross-motion for summary judgment (Doc. # 111):

(1) Defendants' motion for leave to file medical records under seal in support of Defendants' motion for summary judgment (Doc. # 76);

(2) Defendants' motion for leave to file Exhibit C under seal in support of opposition to cross-motion for summary judgment (Doc. # 110);

(3) Plaintiff's motion to suppress Defendants' Exhibit C or irrelevant parts thereof (Doc. # 123) (Defendants filed a response to this motion at Doc. # 127 and Plaintiff filed a reply at Doc. # 136); and

---

[1] Refers to court's docket number.

(4) Plaintiff's motion to have Exhibit C examined by a polygrapher or handwriting expert (Doc. # 124) (Defendants filed a response at Doc. # 126 and Plaintiff filed a reply at Doc. # 137).

By way of background, Defendants filed their motion for summary judgment (Doc. # 74) on May 17, 2013. On May 20, 2013, they filed a motion for leave to file under seal Plaintiff's medical records in support of their motion for summary judgment. (Doc. # 76, proposed under seal submission at Doc. # 77.)

After Defendants filed their motion for summary judgment, and after the Deputy Attorney General who drafted that document resigned from the Attorney General's Office, it was made clear that the motion for summary judgment (Doc. # 74) erroneously referenced both an Exhibit C and Exhibit E as Plaintiff's medical records. (*See* Doc. # 111 at 2.) Therefore, Defendants re-submitted the exhibits used in support of their motion (*id.*), along with a new motion for leave to file the resubmission under seal. (Docs. # 110, proposed under seal submission at Doc. # 112.)

Plaintiff then filed two motions related to the records contained within the resubmission. (Docs. # 123, # 124.)

The court will now address each of these motions, although it will not follow the order in which the documents were filed.

**I. Plaintiff's Motion to Suppress Defendants' Exhibit C or Irrelevant Parts Thereof (Doc. # 123)**

**A. Plaintiff's Motion (Doc. # 123)**

Plaintiff has filed a motion seeking to prohibit Defendants' counsel from admitting Exhibit C, his medical files, into evidence. (Doc. # 123.)) Plaintiff asserts that several of the documents include his forged signature and kites he has never seen, as well as fabricated items.

(*Id*. at 2.) He also asserts that it includes documents that are irrelevant to this case and prejudicial to him. (*Id*.)

**B. Defendants' Response (Doc. # 126)**

Defendants assert that Exhibit C contains: (1) progress notes from December 21, 2005 through May 27, 2012; (2) physician orders from December 21, 2005 through December 16, 2011; (3) notes of physical examination on November 20, 2010; (4) medical kites from February 5, 2008 through May 28, 2012; (5) psychiatry progress notes from December 21, 2005 through March 5, 2012; and (6) a dental chart dated August 2, 2005 through January 22, 2008. (Doc. # 126 at 2.) Defendants assert that as such, Exhibit C contains relevant evidence and must be considered. (*Id*.)

They acknowledge Plaintiff is claiming two incidents of excessive force on March 3, 2011 and July 28, 2011. (*Id*. at 3.) They assert that these records reflect the absence of report of injury or any injury, and therefore are relevant. (*Id*.) In addition, they state: "the fact that the records and kites reflect any reference to an altercation on the dates of the alleged incidents is compelling evidence that these incidents did not occur." (*Id*.)

**C. Analysis**

Plaintiff's argument regarding purportedly forged documents will be addressed below in connection with his motion to have the records examined by a polygrapher or handwriting expert.

The court will now address his argument that Exhibit C contains documents that are not relevant to this action and are prejudicial to Plaintiff.

Curiously, Defendants represented that they would be resubmitting Plaintiff's medical records **without** his mental health records and dental records, specifically stating that they were

3

not relevant to Plaintiff's claims. (Doc. # 111 at 2 n. 2.) Yet, in their opposition to this motion, they represent that the records still contain these documents. (Doc. # 126 at 2-3.) Nevertheless, a review of the resubmitted records reveals that Exhibit C actually contains: (1) progress notes from dating from December 2005 through May 27, 2012; (2) physicians' orders dating from December 2005 through December 2011; (3) a periodic physical examination form from 2010; (4) medical kites with dates in 2007, 2008, 2010, and 2011; and (5) mental health kites with dates in 2011 through May 2012. The records do not contain mental health progress notes that were contained in the previous submission. Nor do they contain the dental records (other than a medical kite for a filling).[2]

In the future, the court advises defense counsel to carefully review medical records before they are being submitted and not submit records which have no relevance to this action. In the case of irrelevant progress notes that are kept on the same page as relevant progress notes, those that are not relevant should be redacted.

The court will not consider records that predate the alleged excessive force incidents that are the subject of Plaintiff's complaint (*i.e.,* progress notes that pre-date March 2011). So to the extent Plaintiff's motion encompasses this relief, it is **GRANTED**. As will be explained below, Plaintiff's motion is **OTHERWISE DENIED**.

The court agrees with defendants that the progress notes, physician's orders, and kites that post-date the alleged events are relevant insofar as Defendants are claiming that Plaintiff either did not report the incidents or injuries or that the incidents or injuries did not occur.

---

[2] Defendants apparently did not submit an updated authenticating declaration with their resubmission of records. (*See* Doc. # 112-1 at 2-4 which is identical to Doc. # 80 at 3-5, which authenticated the original submission of records which are set forth at Doc. # 77.)

The mental health kites are relevant to the extent Plaintiff asserts in his opposition to Defendants' motion for summary judgment and cross-motion for summary judgment that he sent kites to medical and mental health detailing the anxiety and fear he was experiencing in connection with his allegations against defendant Willis. In fact, Plaintiff has also submitted many of these same mental health kites in connection with his briefing on these motions. (*See* Docs. # 85-1 and # 86-1.)

**II. Plaintiff's Motion to Have Exhibit C Examined by a Polygrapher or Handwriting Expert (Doc. # 124)**

**A. Plaintiff's Motion (Doc. # 124)**

Plaintiff also filed a motion to have Exhibit C examined by a polygrapher or handwriting expert. (Doc. # 124.) He wants a handwriting expert appointed to prove that Exhibit C contains documents where his signature is forged. (*Id*.)

**B. Defendants' Response (Doc. # 127)**

Defendants assert that the motion should be denied because Plaintiff provides no relevant facts to support his request. (Doc. # 127.) Plaintiff does not identify what documents he is claiming were forged, or provide any rationale as to why he believes they are forged. (*Id*.) They assert that he also fails to indicate who would bear the cost of such an expert. (*Id*.)

**C. Analysis**

Defendants are correct that Plaintiff has not specifically stated what documents it is he contends or forged and does not provide any other explanation for his conclusion that this is the case. Without more information, the court cannot make a determination as to Plaintiff's contention that the submission contains forged documents. Moreover, the court cannot determine

whether the unspecified documents Plaintiff claims are forged have any relevance to his claims. Accordingly, this motion is **<u>DENIED</u>**.

### III. Defendants' Motion for Leave to File Medical Records Under Seal in Support of Defendants' Motion for Summary Judgment (Doc. # 76)

    **A. Legal Standard**

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including: "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

**B. Analysis**

While the medical records were ultimately resubmitted, to keep an accurate record of these proceedings, the records originally submitted should remain part of the docket, even though Defendants asserted they are no longer relying on that original submission to support their motion. The court finds that compelling reasons exist for the records originally submitted, set forth at Doc. # 77, to be filed under seal because a balancing the need for the public's access to Plaintiff's health records against the need to maintain their confidentiality weighs in favor of sealing the records, particularly in this case where the original submission also contains mental health and dental records unrelated to Plaintiff's claims. Therefore, Defendants' motion (Doc. # 76) is **GRANTED** and the documents contained in Doc. # 77 shall be **SEALED**.

**IV. Defendants' Motion for Leave to File Exhibit C Under Seal in Support of Opposition to Cross-Motion for Summary Judgment (Doc. # 110)**

This is Defendants' motion for leave to file the resubmitted medical records (as described above) under seal. As the court explained above, it finds that balancing the public's need for access to Plaintiff's medical records and the need to protect Plaintiff's privacy and maintain their

7

confidentiality weighs in favor of sealing these records. Therefore, Defendants' motion (Doc. # 110) is **GRANTED** and the documents contained within Doc. # 112 shall be **SEALED**.

### V. Conclusion

(1) Plaintiff's motion to suppress Defendants' Exhibit C or irrelevant parts thereof (Doc. # 123) is **GRANTED IN PART AND DENIED IN PART**, as outlined above;

(2) Plaintiff's motion to have Exhibit C examined by a polygrapher or handwriting expert (Doc. # 124) is **DENIED**;

(3) Defendants' Motion for Leave to File Medical Records Under Seal in Support of Defendants' Motion for Summary Judgment (Doc. # 76) is **GRANTED**, and the records contained within Doc. # 77 shall be **SEALED**; and

(4) Defendants' Motion for Leave to File Exhibit C Under Seal in Support of Opposition to Cross-Motion for Summary Judgment (Doc. # 110) is **GRANTED**, and the records contained within Doc. # 112 shall be **SEALED**.

**IT IS SO ORDERED.**

**DATED:  January 13, 2014.**

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**