UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICKIE L. HILL,

    Plaintiff,

v.

RENE BAKER, *et al.,*

    Defendants.

3:11-CV-0717-LRH-WGC

ORDER

Before the court is defendant Claude Willis' ("Willis") motion for summary judgment. Doc. #184.[1] Plaintiff, Rickie L. Hill ("Hill") did not file an opposition to the motion.

## I. Facts and Background

At all relevant times plaintiff Hill was an inmate in custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this litigation took place while Hill was housed at Ely State Prison ("ESP").

On February 15, 2012, plaintiff Hill filed a complaint against various officers and employees of NDOC. *See* Doc. #9. On March 9, 2012, Hill filed his first amended complaint against defendants. Doc. #11. In his third cause of action in the complaint, Hill alleges an Eighth Amendment deliberate indifference claim against defendant Willis based on allegations that defendant Willis told Hill's prior cellmate's mother, as well as other inmates in the prison

---

[1] Refers to the court's docket number.

population, that Hill was both homosexual and a sex offender. *See* Doc. #11. Hill claims that as a result of these statements, he feared for his life from other prisoners. In response, defendant Willis filed the present motion for summary judgment arguing that plaintiff Hill failed to exhaust his claim. Doc. #184.

**II.    Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.  Discussion

In his motion for summary judgment, defendant Willis contends that plaintiff Hill failed to exhaust his claim in accordance with the Prison Litigation Reform Act ("PLRA"). *See* Doc. #184. The court agrees.

The PLRA specifically provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is strictly construed and acts as a complete bar to a plaintiff's claim. *See Booth v. C.O. Churner*, 532 U.S. 731, 741 n.6 (2001).

The relevant NDOC inmate grievance process requires three levels of review before a prisoner has exhausted the process: (1) an informal grievance; (2) a first level grievance; and (3) a second level grievance. AR 740.05. At the informal grievance level, the inmate makes a grievance and the inmate's caseworker investigates and prepares an informal response to the inmate's formal grievance. AR 740.05(2). A prisoner then has five (5) days from receipt of the informal response to proceed in his claim by filing a first level grievance. AR 740.05(12)(A).

Here, it is undisputed that Hill only filed an information grievance against defendant Willis on April 5, 2009. Hill did not seek further review of this claim by filing either a first or second level grievance after receiving an informal response to his April 5, 2009 informal grievance. As such, Hill has failed to exhaust his claim against defendant Willis by failing to follow through with the NDOC's three-level grievance process. Accordingly, the court shall grant defendant Willis' motion for summary judgment.

///

///

///

1    IT IS THEREFORE ORDERED that defendant's motion for summary judgment
2 (Doc. #184) is GRANTED. The clerk of court shall enter judgment in favor of defendant Claude
3 Willis and against plaintiff Rickie L. Hill in this action. Plaintiff's claims against other defendants
4 are not affected by this order.
5    IT IS SO ORDERED.
6    DATED this 24th day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE