## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICKIE L. HILL, | ) | 3:11-cv-00717-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | March 26, 2015 |
| | ) | |
| RENE BAKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Before the court is a letter from Plaintiff to the Clerk of the Court acknowledging receipt of certain documents. (Doc. # 210.) Plaintiff's letter also asks, "Do you guy (sic) have someone serve these subpoenas or am I supposed to." (*Id*.)  While the court generally declines to respond to letters written to the court or court clerk, in view of the April trial date in this matter (Doc. # 206), the court will do so on this occasion.

   Plaintiff is advised the order granting him *in forma pauperis* status specifically noted that "[t]his order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense." (Doc. # 25, ¶ 2.) Additionally, the Ninth Circuit Court of Appeals has stated that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses." *Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989).

   Therefore, it is Plaintiff's responsibility to serve the trial subpoenas and to tender the appropriate witness fees.

   **IT IS SO ORDERED.**

                                                                LANCE S. WILSON, CLERK

                                                                By:   /s/
                                                                         Deputy Clerk