UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKIE L. HILL,<br><br>        Plaintiff,<br><br>v.<br><br>RENE BAKER, *et al.,*<br><br>        Defendants. | 3:11-CV-0717-LRH-WGC<br><br>**ORDER** |

Before the court are plaintiff Rickie L. Hill's ("Hill") various motions and objections including: (1) objection to expert witness (Doc. #208[1]); motion for reconsideration of the court's order granting defendant Claude Willis' ("Willis") motion for summary judgment (Doc. #209); motion for appointment of counsel (Doc. #221); and objection to the court's denial of prior motions for appointment of counsel (Doc. #222).

**I.  Facts and Background**

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983, alleging constitutional violations against several Nevada Department of Corrections ("NDOC") employees. After a series of motions, the only remaining claims are for excessive force against two NDOC employees arising from two separate alleged incidents. This action is currently set for trial on Tuesday, April 7, 2015.

---

[1] Refers to the court's docket number.

## II. Objection to Expert Witness (Doc. #208)

In his objection, Hill objects to the proposed testimony of defense witness Dr. Michael Koehn ("Dr. Koehn"). Hill contends that Dr. Koehn is an expert witness who has not been properly disclosed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and should be excluded from testifying at trial on that basis. The court disagrees. Dr. Koehn was Hill's treating physician during the time Hill alleges he was subjected to excessive force. It is well established that treating physicians are not expert witnesses within the confines of Rule 26(a)(2) and are not subject to the expert disclosure requirements of Rule 26(a)(2)(A)-(B). *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 824 (stating that a treating physician is not "retained or specially employed to provide expert testimony," but is a percipient fact witness related to the treatment the physician rendered). Therefore, the court shall deny Hill's objection.

## III. Motion for Reconsideration of Defendant Willis' Motion (Doc. #209)

In his amended complaint, Hill alleged an Eighth Amendment deliberate indifference claim against defendant Willis based on allegations that defendant Willis told Hill's prior cellmate's mother, as well as other inmates in the prison population, that Hill was both homosexual and a sex offender. *See* Doc. #11. Hill claimed that as a result of these statements, he feared for his life from other prisoners.

Prior to trial, defendant Willis filed a motion for summary judgment arguing that Hill failed to administratively exhaust his claim. *See* Doc. #184. On February 24, 2015, the court granted Willis' motion finding that Hill failed to exhaust his claim in accordance with the Prison Litigation Reform Act ("PLRA"). *See* Doc. #191. In particular, the court found that "Hill only filed an informal grievance against defendant Willis" and "did not seek further review of his claim by filing either a first or second level grievance after receiving an informal response." *Id*. Thereafter, Hill filed the present motion for reconsideration of the court's order. Doc. #209.

In his motion, Hill raises two separate arguments for reconsideration. First, Hill argues that it was unnecessary for him to seek further review of his April 5, 2009 informal grievance because

that grievance should have been referred to the Inspector General's Office and NDOC's failure to refer the grievance constitutes equitable exhaustion. Second, Hill argues that the court failed to address his second, fully exhausted grievance covering the same incident in its order on summary judgment.

The court has reviewed the documents and pleadings on file in this matter and finds that neither of Hill's arguments warrant reconsideration of the court's order on summary judgment. First, as to Hill's argument that his grievance should have been referred to the Inspector General's Office, the court finds that this argument is without merit. At no time during the filing of his grievance did Hill raise referral to the Inspector General. As such, his failure to raise that issue when he first filed his grievance constitutes a waiver of that argument.

Second, as to Hill's claim that he filed a second, fully exhausted grievance on the same incident with Willis, the court finds that this October 28, 2010 grievance is untimely, and as such, cannot support his Eighth Amendment claim. It is undisputed that Hill did not file the new grievance until October 2010, over a year after the six month grievance limitation period had ended. Thus, his second grievance was untimely and cannot constitute a fully exhausted grievance. Therefore, the court shall deny Hill's motion for reconsideration.

IV.     **Motion for Appointment of Counsel (Doc. #221)**

This is plaintiff Hill's sixth motion for appointment counsel throughout the history of this action. In his prior motions, Hill failed to meet the standard for appointment of counsel to an indigent *pro se* litigant. The present motion is no exception.

A court may, under exceptional circumstances, appoint counsel for an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1). When evaluating exceptional circumstances, the court must consider the plaintiff's likelihood of success on the merits as well as the plaintiff's ability to articulate his claims. Here, the court finds that the instant motion does not present the extraordinary circumstances which would justify the appointment of counsel. Hill has made no showing of his inability to articulate his claims nor has he demonstrated a likelihood of success on the merits.

Case 3:11-cv-00717-LRH-WGC   Document 231   Filed 04/02/15   Page 4 of 4

Rather, Hill simply lists a litany of reasons why he needs counsel including his lack of education, lack of access to law library, the complexity of the action, and his confinement which limits his ability to research and litigate. However, potentially every *pro se* inmate faces similar issues. Hill is no exception to these difficulties. Further, while Hill states in conclusory fashion that the issues in this case are complex, he has still failed to articulate what is so complex about this action as to require the assistance of counsel. Hill's sole remaining claims are for excessive force against two defendants arising from two alleged separate incidents. Throughout this action, Hill has consistently been able to articulate his claims including setting forth both factual and legal allegations to support his claims. Therefore, the court shall deny Hill's sixth motion for appointment of counsel.

### V.   Objection to the Court's Orders Denying Appointment of Counsel (Doc. #222)

Hill also objects to all five previous orders from the court denying his motions for appointment of counsel.

Objections to a court order must be served within fourteen (14) days from entry of the order. FED. R. CIV. P. 72(a). Here, the last filed court order denying his motion for appointment of counsel was issued on April 24, 2014. *See* Doc. #158. However, Hill did not file the present objection until March 31, 2015, almost a full year after the court's last order denying counsel. Therefore, the court shall deny his objection as untimely.

IT IS THEREFORE ORDERED plaintiff's objection to expert witness (Doc. #208); motion for reconsideration (Doc. #209); motion for appointment of counsel (Doc. #221); and objection to orders denying appointment of counsel (Doc. #222) are DENIED.

IT IS SO ORDERED.

DATED this 2nd day of April, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4